**Aubel, etc., v. Henry et al., Liquidating Trustees**

*Edward P. Loughran,* for plaintiff.

*David Friedman,* for defendants.

WINNET, J., December 30, 1941.—Defendants raise two questions in their statutory demurrer: (1) Does plaintiff acquire rights of a withdrawing shareholder on a withdrawal notice given at the time the association was operating under a segregation order issued under section 808 of the Building and Loan Code of May 5, 1933, P. L. 457; and (2) if plaintiff be a withdrawing shareholder, is he barred from bringing suit by the subsequent merger.

On February 13, 1934, plaintiff, a member of the A. J. Roggenburger Building & Loan Association, gave notice of withdrawal. On February 23rd he received an acknowledgment from the secretary and was notified that the association was working under a restriction order from the Banking Department. Two years later in May of 1936, the A. J. Roggenburger Association merged with the Workers Savings & Loan Association. Plaintiff alleges that he did not assent to this merger. On December 23, 1939, he received formal notice that the Workers Savings & Loan Association was undergoing voluntary liquidation; that according to the books the amount standing to his credit was $240.75, and that unless he presented his claim under oath within three months he would be bound by the amount shown on the books. He sues for $480, the value of his shares at date of the merger, and claims the rights of a general creditor. To this plaintiff's claim, defendants have filed their statutory demurrer.

Plaintiff's statement of claim reveals that when he gave notice of withdrawal, he was informed:

"We are working under restrictions from the Banking Department as to maturities or withdrawals, etc. In other words, the board cannot do. anything except with the full sanction of the department."

This reference obviously is to a segregation order under section 808 of the Building and Loan Code which was in effect on that date. Segal on Pennsylvania Banking and Building and Loan Law, vol. 1, p. 557, contains an excellent discussion of this section. It was new in Pennsylvania statutory law. Prior to its enactment the Banking Department imposed restrictions by letter. Its right to do so was never decided. The purpose of this section was to preserve the status quo pending a final determination of the action which would best serve the interests of all parties. The wisdom of the provision in the code must be obvious. It gave legislative authority to a practice which economic conditions had previously made imperative. A scramble among share-

holders has to be avoided until a cool appraisal can be made of the situation for final action. That is what the Roggenburger Building & Loan Association was doing when plaintiff attempted to withdraw. Through legislative authority the status quo had been frozen. He could not withdraw and cannot now claim the status of a withdrawing shareholder by virtue of a notice given at a time section 808 of the code was in operation.

As a shareholder of the A. J. Roggenburger Building & Loan Association he was bound by the merger with the Workers Savings & Loan Association. Although he did not assent to the merger, he nevertheless has not acquired any of the rights of a dissenting shareholder set forth under section 1009 of the code. He filed no written objection to the merger and made no demand within the 20-day period provided by the act. Neither did he file within the period set out a petition to appraise the fair market value of the shares and, therefore, under the words of the act he was "conclusively presumed to have approved and ratified the merger or consolidation, and shall be bound by the terms thereof": Building and Loan Code of May 5, 1933, P. L. 457, as amended by the Acts of July 2, 1935, P. L. 574, and March 15, 1937, P. L. 63, 15 PS §1074-1009.

Plaintiff not being a withdrawing shareholder it is unnecessary to answer the second question raised by the statutory demurrer.

The questions of law raised by the statutory demurrer are sustained.